# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2010

Charles R. Fulbruge III
Clerk

No. 09-30557
Summary Calendar

GEORGE ERNEST THOMPSON,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL; MICHAEL CHERTOFF;
MICHAEL GARCIA; CHRISTINE DAVIS; GEORGE LUND, III; J P YOUNG,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CV-154

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

George Ernest Thompson, A42 954 981, is a native and citizen of Ghana. After the Board of Immigration Appeals (BIA) affirmed an order of removal, Thompson filed a petition for review. *Thompson v. Holder*, No. 08-60199. We granted the Government's request to stay that case, pending our decision in *Carachuri-Rosendo v. Mukasey*, No. 07-61006, and further granted Thompson's request for a stay of removal. While his petition for review was pending,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thompson filed a 28 U.S.C. § 2241 petition in the district court challenging his continued detention.  Thompson now appeals from the district court's denial of his § 2241 petition.

The district court found that Thompson's continued detention was not of an unconstitutionally indefinite duration and that his removal was reasonably foreseeable.    Thompson's  detention  is  neither  indefinite  nor  potentially permanent as there is a certain end point to the proceedings related to his pending petition for review and as it appears reasonably likely that he will be removed in the foreseeable future if his petition is denied.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also Demore v. Kim*, 538 U.S. 510, 529-31 (2003).  Other than his own conclusory statements, Thompson has presented no evidence to suggest otherwise.  *See Zadvydas*, 533 U.S. at 701.

Accordingly, the district court is AFFIRMED.